UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ANTON BIRCH,                                         NOT FOR PUBLICATION

                       Plaintiff,

               - against -                              **ORDER**
                                                                                        14-CV-7573 (PKC)
CUNY/LAGUARDIA COMMUNITY
COLLEGE,

                       Defendant.
---------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

        Plaintiff Anton Birch, proceeding *pro se*, commenced this action on December 24, 2014, against his former employer. Plaintiff seeks relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S. C § § 621-34 ("ADEA") and the Americans with Disabilities Act of 1990, 42 U.S.C. § § 12112 *et seq.* (the "ADA"). The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order and directs Plaintiff to submit an amended complaint within thirty (30) days of the date this Order is entered on the docket.

## BACKGROUND

        The following facts are taken from the complaint and the appended September 14, 2014 Equal Employment Opportunity Commission ("EEOC") Notice of Right to Sue ("Right-to-Sue letter"), the allegations of which are assumed to be true for purposes of this Memorandum and Order. Plaintiff claims that he was subjected to discriminatory treatment, including failure to accommodate his disability, retaliation, termination and the "fabricat[ion of a ] story" that resulted in Plaintiff being "banned from campus." (ECF No. 1 at 3). Plaintiff alleges the

discriminatory treatment occurred in 2013, but does not provide any more details about the timing of events. (*Id.* at 4). In June 2013, Plaintiff filed an EEOC Charge against Defendant alleging race discrimination. (*Id.* at 4). On September 17, 2014, the EEOC issued Plaintiff a Right-to-Sue letter. (*Id.* at 6-7).

On December 24, 2014, Plaintiff initiated this action. The precise nature of Plaintiff's discrimination claims is unclear. Plaintiff filed his Complaint using a complaint form, and inconsistently refers to the basis for this action.[1] For purposes of this Order, the Court presumes that Plaintiff brings this action pursuant to Title VII, the ADA and the ADEA because he chose all three federal statutes on the first page of his complaint. (ECF No. 1 at 1). He alleges that he was discriminated against because of his prior conviction and because he was "formerly incarcerated [despite] having a certificate of relief." (*Id.* at 3, 4). He alleges unspecified retaliation for his statement that he "would file a complaint." (*Id.* at 4) While Plaintiff does not provide any facts in support of any other basis for discrimination, he also selects race and gender as bases of discrimination and completes two portions of paragraph seven of the complaint form identifying his age ("born in 1982 . . . less than 40 years old.") and disability ("[b]eing formerly incarcerated though having a certificate of relief.") (*Id.* at 3).

## STANDARD OF REVIEW

A complaint must plead enough facts to state a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

---

[1] On the first page of the form, in response to the prompt to check all boxes indicating the legal authority for his employment discrimination claim, Plaintiff selected Title VII, the ADEA and the ADA. (ECF No. 1 at 1 ("This action is brought for discrimination in employment pursuant to (check only those that apply)").). On the third page, when prompted to list the bases for his discrimination claim, Plaintiff selected race, gender, age and disability. (*Id*. at 3). However, in the narrative section on the fourth page of the form, he does not mention age, gender, or race; he states only that defendant discriminated against him based on his prior conviction and retaliated against him when he said that he would file a complaint. (*Id.* at 4).

2

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is inapplicable to legal conclusions. *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills,* 582 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally."). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the Complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## DISCUSSION

I. <u>Plaintiff Fails to State an ADA or ADEA Claim</u>

Plaintiff fails to state a claim for age discrimination or discrimination based on disability for two reasons. First, Plaintiff has not administratively exhausted either claim, and second, he fails to allege facts to support these claims.

A. Failure to Exhaust

Under both the ADA and the ADEA, a claimant may bring suit in federal court only if he or she has filed a timely complaint with the EEOC and obtained a Right-to-Sue letter. *See*

*Legnani v. Alitalia Linee Aeree Italiane, S.P.A*, 274 F.3d 683, 686 (2d Cir. 2001) ("Exhaustion of administrative remedies through the EEOC is 'an essential element' of the Title VII and ADEA statutory schemes and, as such, a precondition to brings such claims in federal court."); *Stalter v. Board of Co-op. Educ. Serv. of Rockland Cnty.*, 235 F. Supp. 2d 323, 332 (S.D.N.Y. 2002) ("Before bringing a claim under the ADA, a plaintiff is required to file a timely EEOC charge." (citing *Harris v. City of New York*, 186 F.3d 243, 247 (2d. Cir. 1999))). However, "claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are 'reasonably related' to those that were filed with the agency." *Legnani*, 274 F.3d at 686 (quoting *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 614 (2d Cir.1999)). "Reasonably related" claims are recognized in three situations: (1) the alleged discriminatory conduct "would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination;'" (2) the claim is one of "retaliation by an employer against an employee for filing an EEOC charge;" and (3) the plaintiff "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Terry v. Ashcroft*, 336 F.3d 128, 151 (2d Cir. 2003) (quoting *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402-03 (2d Cir. 1993) (superseded on other grounds)).

The Complaint, as currently filed, does not demonstrate that Plaintiff has filed a charge with the EEOC or obtained a Right-to-Sue letter concerning his allegation of discrimination on the basis of his age or a disability.[2] Furthermore, such claims do not appear, on their face, to fit any of the three situations in which the Court could find they are "reasonably related" to the race discrimination charge Plaintiff raised in his EEOC Charge. Plaintiff has not demonstrated that

---

[2] Plaintiff attached an EEOC Right-to-Sue letter to his complaint, but that letter only references his Title VII racial discrimination claim.

he has exhausted his administrative remedies under these statutes, and therefore fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Morales v. City of N.Y. Dep't of Juvenile Justice*, No. 10-CV-829, 2012 WL 180879, at *3 (S.D.N.Y. Jan. 23, 2012) ("Exhaustion of administrative remedies . . . is a requirement under Title VII, the ADA and the ADEA, and claims that were not raised in the administrative proceeding . . . . are barred."); *Terry*, 336 F.3d at 151 (ADEA); *Szuskiewicz v. JP Morgan Chase Bank*, 12 F. Supp. 3d 330, 338 (E.D.N.Y. 2014) (ADA).

### B. Failure to State a Claim

Even if Plaintiff's claims for age and disability discrimination were not procedurally barred, they would nevertheless be dismissed because Plaintiff has not stated a claim for age or disability discrimination. To establish a *prima facie* claim of age discrimination under the ADEA, a claimant must demonstrate that: 1) he was within the protected age group; 2) he was qualified for the position; 3) he was subject to an adverse employment action; and 4) the adverse action occurred under "circumstances giving rise to an inference of discrimination." *See Roge v. NYP Holdings, Inc.,* 257 F.3d 164, 168 (2d Cir. 2001). Similarly, to establish a *prima facie* discrimination case under the ADA, a plaintiff must allege that "(1) the defendant is covered by the ADA, (2) the plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA, (3) the plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) the plaintiff suffered an adverse employment action because of his disability or perceived disability." *Kinnery v. City of New* York, 601 F.3d 151, 155-56 (2d Cir. 2010) (citations omitted); *see also Brady v. Wal–Mart Stores, Inc*., 531 F.3d 127, 134 (2d Cir. 2008) (outlining disability *prima facie* test).

As to Plaintiff's age discrimination claim, he alleges no facts in support of an age

5

discrimination claim. *See Ruston v. Town Board of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions" and must "plausibly suggest an entitlement to relief"); *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120–21 (2d Cir. 2010) (although *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, a plaintiff must still plead enough facts to make his claim plausible). Also fatal to his claim is that he is not covered under the ADEA. Its provisions are meant for persons over the age of 40 at the time of the alleged discriminatory conduct, 29 U.S.C. § 623(a)(1); *O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308, 312 (1996); Plaintiff was born in 1982 and is less than 40 years old.

As to his disability discrimination claim, Plaintiff posits that his prior conviction and the fact that he was incarcerated is a "disability" within the meaning of the ADA. *See* 42 U.S.C. § 12102(1) (defining "disability" under the ADA as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment"). The Court can find no support for such a proposition. *Harris v. Polk County,* 103 F.3d 696 (8th Cir. 1996) (ADA does not require employers to 'overlook infractions of law;' applicant's prior shoplifting conviction, allegedly the result of mental illness, did not preclude county attorney's office from denying position to applicant on basis of such criminal record) (quoting *Despears v. Milwaukee County,* 63 F.3d 635, 637 (7th Cir. 1995)).

For the foregoing reasons, Plaintiff's ADA and ADEA claims are dismissed for failure to state a claim on which relief may be granted.[3]

---

[3] Plaintiff cannot now exhaust his administrative remedies for his ADA and ADEA claims. An employee alleging discrimination under the ADA or ADEA in New York must file his administrative claim no later than 300 days after experiencing the discrimination. *See*

II. Plaintiff Fails to State a Title VII Race Discrimination Claim

Although it appears from the face of the EEOC's cover letter sent with Plaintiff's Right-to-Sue letter, (ECF No. 1 at 6), that Plaintiff has exhausted his administrative remedies for his Title VII race discrimination claim, he has failed to allege any facts in support of a race discrimination claim under Title VII. Thus, Plaintiff's Title VII claim based on race discrimination is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).[4] Should he wish to pursue such a claim, he may submit an amended complaint setting forth facts in support of a race discrimination claim. *Ruston*, 610 F.3d at 59; *Arista Records LLC*, 604 F.3d at 120–21.

## CONCLUSION

Accordingly, as currently stated, the complaint fails to state a claim under Title VII, the ADA or the ADEA, that is, any of the three federal statutes under which Plaintiff filed this action. However, in light of this Court's duty to liberally construe *pro se* complaints, Plaintiff is given thirty (30) days' leave to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Should Plaintiff have a basis for a claim of employment discrimination, he should

---

*Pilgrim,* 599 F.Supp.2d 462, 473. It is too late for Plaintiff to exhaust his unexhausted claims now because he was terminated in 2013, well beyond 300 days ago. Therefore, any unexhausted claims against Defendant will be dismissed with prejudice.

The Court also notes, without commenting on the merits or timeliness thereof, that Plaintiff may have claims under New York State or city law. *See e.g.,* New York Executive Law § 296; New York City Administrative Code § 8-107.

[4] Nor has Plaintiff stated a claim for gender discrimination or retaliation. To the extent Plaintiff may have been attempting to raise a Title VII gender discrimination claim simply by checking the box for gender on page three of the form complaint, (ECF No.1 at 3), he has neither exhausted his administrative remedies nor alleged any facts in support of such a claim. Likewise, it is unclear from the complaint what sort of retaliation, if any, Plaintiff suffered upon informing Defendant that he would file a complaint against it. (ECF No. 1 at 4).

provide facts in support of such claim(s) and demonstrate that he has exhausted his administrative remedies on each claim in his amended complaint. Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and it must "plead enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff is advised that the amended complaint will completely replace the complaint.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order. The Clerk of Court is respectfully requested to provide Plaintiff with an employment discrimination complaint form. No summons shall issue at this time and all further proceedings shall be stayed for 30 days or until further order of the Court. If Plaintiff fails to amend his complaint within 30 days of the date of this Order is entered on the docket as directed by this Order, the Court shall dismiss this complaint for failure to state a claim on which relief may be granted and judgment shall enter.[5] If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

---

[5] If Plaintiff's federal claims are dismissed for failure to state a claim, this Court will not exercise jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367 (c)(3).

SO ORDERED.

                                                          */s/ Pamela K. Chen*
                                                        Pamela K. Chen
                                                        United States District Judge

Dated:  Brooklyn, New York
          February 3, 2015